UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM RAFAEL ROSA, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>RUBIN & ROTHMAN, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, WILLIAM RAFAEL ROSA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, RUBIN & ROTHMAN, LLC ("R&R"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

2. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

3. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

4. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

5. Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. R&R maintains a location at 1787 Veterans Highway, Suite 32, P.O. Box. 9003 Islandia, New York 11749.

7. R&R uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. R&R is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of

transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## **CLASS ACTION ALLEGATIONS**

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from R&R, which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to September 1, 2021, Plaintiff allegedly incurred a financial obligation debt to BANK OF AMERICA, N.A. ("BOA").

16. The BOA obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff allegedly incurred the BOA obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the BOA obligation for business purposes.

19. The BOA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. BOA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before September 1, 2021, BOA referred the BOA obligation to R&R for the purpose of collections.

22. At the time BOA referred the BOA obligation to R&R, the obligation was past due.

23. At the time BOA referred the BOA obligation to R&R, the obligation was in default.

24. At some time prior to September 1, 2021, R&R commenced a lawsuit against Plaintiff on behalf of BOA under "Index NO. CV-010892-21/Bx" related to collection of the BOA obligation (the "lawsuit").

25. R&R caused to be delivered to Plaintiff a letter dated September 1, 2021, which was addressed to Plaintiff. **Exhibit A**, which is fully incorporated herein by reference.

26. The September 1, 2021 letter was sent to Plaintiff in connection with the collection of the BOA obligation.

27. The September 1, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Upon receipt, Plaintiff read the September 1, 2021 letter.

29. Plaintiff is not responsible for the BOA obligation attempting to be collected in the September 1, 2021 letter

30. The September 1, 2021 letter stated the following, in relevant part:

```
PLAINTIFF:   BANK OF AMERICA, N.A.
DEFENDANT:   WILLIAM RAFAEL ROSA
FILE NO.     1399020
INDEX NO.    CV-010892-21/BX
```

a. The September 1, 2021 letter further stated, in relevant part:

> Pursuant to General Business Law Article 29-HW, if you believe that you have/your client has been the victim of identity theft with respect to the debt we are attempting to collect, you must follow the instructions on the second page of the attached statement of identity theft so that we can investigate your claim. Upon completion of the statement, please have the statement **notarized**.
>
> Upon receipt of the documents referred to therein, we will review and consider all the information provided by you and other information relevant to the review.
>
> All collection efforts by this firm will stop pending the completion of the review. We will advise you in writing whether the information establishes that you are/your client is not responsible for the debt in question before proceeding with any further collection activity.

31. The September 1, 2021 letter further states: "**WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR**"

32. The September 1, 2021 letter was signed by Valerie E. Watts, Esq.

33. The September 1, 2021 letter enclosed two separate pages entitled: "Statement of Identity Theft".

34. There is no New York General Business Law ("GBL") Article 29-HW.

35. New York General Business Law Article 29-HH, § 604-a does not set forth a notarization requirement.

36. Plaintiff has rights and Defendant has obligations related to identity theft pursuant to 15 U.S.C. § 1681m(g):

> **(g) Debt collector communications concerning identity theft.** If a person acting as a debt collector (as that term is defined in title VIII [15 USCS §§ 1692 et seq.]) on behalf of a third party that is a creditor or other user of a consumer report is notified that any information relating to a debt that the person is attempting to collect may be fraudulent or may be the result of identity theft, that person shall—
> **(1)** notify the third party that the information may be fraudulent or may be the result of identity theft; and
> **(2)** upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a

victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

37. Defendant's September 1, 2021 letter places undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

38. Under the FDCPA, Plaintiff and others similarly situated are afforded the right to be free from such abusive, deceptive, and unfair debt collection practices.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is R&R's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Making a false representation of the character, amount, or legal status of any debt;

   (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

40. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 40 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e *et seq*. VIOLATIONS

41. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

45. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

46. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from using a false representation of the character, amount, or legal status of any debt.

47. Defendants violated Section 1692e(2)(A) as Plaintiff is not responsible for the BOA obligation set forth in the September 1, 2021 letter.

48. Defendants violated Section 1692e(2)(A) as there is no notarization requirement under GBL § 604 *et seq.*

49. Defendants violated Section 1692e(2)(A) by stating: "All collection efforts by this firm will stop pending the completion of the review" in the September 1, 2021 letter as it misleads the least sophisticated consumer about the status of the lawsuit.

50. Defendants violated Section 1692e(2)(A) in its September 1, 2021 letter by stating: "We will advise you in writing whether the information establishes that you are/your client is not responsible for the debt in question before proceeding with any further collection activity" as it falsely represents whether Defendant has the authority to be the final arbiter of whether Plaintiff is/is not responsible for the debt.

51. Defendants violated Section 1692e(2)(A) in its September 1, 2021 letter by placing undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

52. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53. Defendants violated Section 1692e(10) as Plaintiff is not responsible for the BOA obligation set forth in the September 1, 2021 letter.

54. Defendants violated Section 1692e(10) as there is no notarization requirement under GBL § 604 *et seq*.

55. Defendants violated Section 1692e(10) by stating: "All collection efforts by this firm will stop pending the completion of the review" in the September 1, 2021 letter as it misleads the least sophisticated consumer about the status of the lawsuit.

56. Defendants violated Section 1692e(10) in its September 1, 2021 letter by stating: "We will advise you in writing whether the information establishes that you are/your client is not responsible for the debt in question before proceeding with any further collection activity" as it falsely represents whether Defendant has the authority to be the final arbiter of whether Plaintiff is/is not responsible for the debt.

57. Defendants violated Section 1692e(10) in its September 1, 2021 letter by placing undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f *et seq*. VIOLATIONS

58. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. As described herein, Defendant engaged in unfair and unconscionable means to collect or attempt to collect any debt in violation of 1692f, and 1692f(1).

60. Defendants' unfair and unconscionable means to collect or attempt to collect any debt is material to the least sophisticated consumer.

61. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

62. Section 1692f(1) prohibits a debt collector from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

63. Defendants violated Section 1692f(1) as there is no agreement creating the BOA obligation.

64. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

68. Plaintiff and others similarly situated have suffered harm redressable under the FDCPA as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

  (d)  Awarding pre-judgment interest;

  (e)  Awarding post-judgment interest.

  (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 10, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
jkj@legaljones.com
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 10, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# EXHIBIT

# A

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN[1]

KEITH GOLUB[1,2]
Managing Attorney
New Jersey

ADAM OLSHAN[1,3,4]
Managing Attorney
Connecticut and Massachusetts

[1]MEMBER NY BAR  [2]MEMBER NJ BAR
[3]MEMBER CT BAR  [4]MEMBER MA BAR

BUSINESS HOURS: MON-THURS 8:30AM-7:00PM
FRI: 8:30AM-5:00PM  SAT: 8:30AM-12:00PM

# RUBIN & ROTHMAN, LLC

A LIMITED LIABILITY COMPANY FORMED IN THE STATE OF NY
ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500
FAX (631) 234-1138
TOLL-FREE (800) 298-6058
FOR RELAY SERVICE DIAL 711
NYC DCA LIC. 2045512

FRANK ROTHMAN[1]
DAVID ROTHMAN[1,2]
ADRIENNE CERVENKA[1]
AARON DEACON[1]
MICHAEL JOHNSON[1]
SUBY MATHEW[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
JACQUELINE A. TIERNEY[1]
KIMBERLY PETERSON[3]
JOHN OTT[4]
SHERRI KADISH[4]
STEPHEN HOLBREICH[1]
VALERIE WATTS[1]
TARA RUBIN-FRANGIPANE[1,2]
JOSHUA EGLER[3,4]
KRISTA MILLER[1]
JOSEPH LATONA[1]
ALLISON WILAND[1]
NATALIE DONALDSON[1]
CHRISTOPHER J. AHERN[1,2]
GINA MARIE PARO[4]
JARED DOCKSWELL[1]

September 1, 2021

WILLIAM RAFAEL ROSA

▓▓▓▓▓▓▓▓▓▓▓

        PLAINTIFF:  BANK OF AMERICA, N.A.
        DEFENDANT: WILLIAM RAFAEL ROSA
        FILE NO.   ▓▓▓▓▓▓
        INDEX NO.  CV-▓▓▓92-21/BX

Dear Mr. Rosa:

    Pursuant to General Business Law Article 29-HW, if you believe that you have/your client has been the victim of identity theft with respect to the debt we are attempting to collect, you must follow the instructions on the second page of the attached statement of identity theft so that we can investigate your claim. Upon completion of the statement, please have the statement **notarized**.

    Upon receipt of the documents referred to therein, we will review and consider all the information provided by you and other information relevant to the review.

    All collection efforts by this firm will stop pending the completion of the review. We will advise you in writing whether the information establishes that you are/your client is not responsible for the debt in question before proceeding with any further collection activity.

    Should you have any questions, please contact me at vwatts@rubinrothman.com. Thank you for your attention.

                                            Very truly yours,

                                            Valerie E. Watts, Esq.

VEW/ks
    Enc.

**WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

# STATEMENT OF IDENTITY THEFT

Name: WILLIAM RAFAEL ROSA _____ File No.: ████20

Address: _____

Address: _____

Phone: _____ Fax: _____ Cell: _____

E-Mail: _____

Account No.: _____ Date: _____

Date of Birth: _____ Social Security No.: _ _ _ - _ _ - _ _ _ _

_____ IF YOU WISH TO REQUIRE THAT FURTHER COMMUNICATION BE IN WRITING AND SENT TO THE ABOVE ADDRESS, INTIIAL THIS PARAGRAPH.

1. I have been the victim of identity theft with respect to the specific debt being collected by the creditor. My driver's license or identification card issued by the state is attached.

2. A copy of a valid police report filed by me alleging that I have been the victim of an identity theft crime for the specific debt being collected by the creditor is attached.

3. Any other identification documents that support my statement of identity theft and any available correspondence disputing the debt after transaction information was provided to me are also attached.

4. Documentation of my residence at the time of the alleged debt is attached (e.g. bills and statements, such as utility bills, tax statements, or other statements from businesses sent to the debtor, showing that you lived at another address at the time this debt was incurred).

5. The following specific facts and explanation showing that I did not incur the debt and supporting my claim of identity theft follow (attach additional page if needed).

_____
_____
_____
_____
_____

6. I have the following information concerning the identification of any person whom I believe is responsible for incurring the debt (i.e. the name or identity of the person(s) whom you believe may be responsible for this debt).

_____

_____

_____

_____

7. I did not authorize the use of my name or personal information to anyone for incurring this debt.

8. I certify the representations made are true, correct, and *contain no material omissions of fact.*

_____     _____     _____
(Date)          (location at time of signing)    (signature of debtor)

**DOCUMENTS WE NEED TO INVESTIGATE YOUR IDENTITY THEFT CLAIM**

To investigate your claim, we need a signed Federal Trade Commission ID theft victim's affidavit. Alternatively, you may complete and sign the written statement on the reverse side of this document.

In addition, we need the following:

1. A copy of a valid police report filed by you alleging that you are the victim of an identity theft crime for the debt being collected by the creditor;

2. Your driver's license or identification card issued by the state.

3. Documentation of your residence at the time of the alleged debt (e.g. bills and statements, such as utility bills, tax statements, or other statements from businesses sent to the debtor) showing that you lived at another address at the time this debt was incurred.